January 25, 1909.

————o————

No. 4609.

Court of Appeal, Parish of Orleans.

JOHN NEGROTO VS. W. T. & ED. NEGROTO, CONSOLIDATED.

Questions of facts only are involved herein.

Appeal from the Civil District Court, Division "A."

W. McL. Fayssoux, for Plaintiff and Appellee.

Wm. V. Seeber, Dart & Kernan, for Defendant and Appellant.

MOORE, J. The commercial firm of Negroto Bros., com-

posed of John Negroto, William T. Negroto and Edward Negroto, was organized on the 15th day of March, 1896, for the purpose of conducting a General Lumber, Building and Hauling business.

On the 15th April, 1896, the firm purchased at public auction from the succession of their father, D. Negroto, Sr., the entire business of a similar nature, recently carried on by their said deceased father. The price and consideration of said purchase was $966.00.

The purchase price was not paid by the firm, but was subsequently discharged to the succession by the succession representative deducting the amount due from the share and portion coming to each of the three above named heirs, that is to say, they were each charged, on final settlement of the estate with $322.00.

Previous to this, however, to-wit, on the 11th December,1897, John Negroto withdrew from the firm which was thenceforth continued by William and Edward under the same firm name.

The terms of the withdrawal are clearly shown to be that the remaining members of the firm assumed, in addition to other obligations, the obligation or liability of John Negroto to the Succession of D. Negroto, Sr., resulting from the firm's purchase of the business of their deceased father, as aforesaid.

On the 3rd May, 1902, the firm, then composed of William and Edward, was dissolved, the former transferring all his interest therein to Edward who thenceforth continued the business for his own account. As was the case when John withdrew from the firm and the remaining members assumed all the debts of the pre-existing firm, so when William withdrew, Edward stipulated to like effect as to the debts of the succeeding firm.

Subsequent to these several changes in the firm the succession of D. Negroto, Sr., was finally settled and closed and from the share and portion coming to John and William respectively $322.00 was charged up to each as above stated.

John thereupon sued William and Edward to be reimbursed on John's retirement from the firm; and William also sued Edward under the latter's assumption of this debt, when he, William, sold out to Edward. John's suit was alloted to Division "A" of the Civil District Court for the Parish of Orleans,

and William's suit to Division "B" of said Court, but by the consent of all parties the latter was transferred and tried in Division "A," as consolidated cases, though seperate judgments, were rendered and signed in each.

In John's suit there was judgment in his favor and against both defendants, in solido, for the amount sued for, $322.00, with the stipulation "that if in the event William Negroto should pay this judgment or any part thereof full reservation of his right to claim the same in warranty or otherwise from his co-defendant E. Negroto is made."

In William's suit against Edward there was judgment in favor of plaintiff as prayed for.

From these judgments Edward appeals.

That the purchase on the 15th April, 1896, of the business of D. Negroto, Sr., deceased, was a purchase by the *firm* and that the unpaid purchase price constituted a *firm debt* cannot be seriously questioned. When, therefore, the several withdrawals of the members of the firm occurred and the remaining members or member assumed to pay all liabilities of the firm, this debt was necessarily included in and covered by the terms of the compact. Besides this the evidence is conclusive that it was the special and distinct understanding of all parties that this particular debt, so far as each partner was responsible for same, was comprehended and included in the obligation assumed "to pay the debts of the firm."

The receipt signed by John Negroto of date Dec. 11th, 1897, for the sum of two hundred dollars is fully and satisfactorily explained and the evidence satisfies us that this sum was paid John Negroto exclusive of and above the liability, still outstanding, of the firm for the purchase price of the property bought from the succession.

There is no error in the judgments appealed from and both of said judgments are affirmed.

January 25, 1909.

Rehearing refused February 8, 1909.